**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

KALIB J. DELVALLE                                                    PLAINTIFF
REG #20985-45

V.                              NO: 2:16CV00096 KBG/PSH

STANLEY GATCHEL                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker.   You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Relevant Facts

Plaintiff Kalib J. Delvalle ("DelValle"), an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI"), filed a *pro se* complaint on May 31, 2016 in the United States District Court for the District of Minnesota.  Citing 42 U.S.C. 1983, DelValle claims his civil rights were violated on December 16, 2014, when defendant FCI Officer Stanley Gatchel ("Gatchel") gave DelValle's personal mail to another inmate to deliver to inmates not present for mail call.  DelValle alleges that this action violated his constitutional rights as well as Bureau of Prisons ("BOP") policy

(Doc. No. 1).[1]

On June 20, 2016, DelValle filed a motion to transfer this case to the Eastern District of Arkansas, where the claimed constitutional violation occurred (Doc. No. 7). That motion was granted, and this case was received in the Eastern District of Arkansas by transfer on July 6, 2016 (Doc. No. 10).  On August 3, 2016, DelValle filed documents which have been docketed as an amended complaint and motion for a preliminary injunction, and an affidavit (Doc. Nos. 13 & 14). In the amended complaint and affidavit, DelValle alleges that in addition to Gatchel, defendant Officer D. Haggler also handled his mail improperly, on June 29, 2016.  He also claims that FCI officers have passed his mail to serious offenders on multiple other occasions, but he has only named two defendants and two dates on which this has occurred (Doc. No. 14, page 2).  DelValle asserts that allowing an inmate to deliver mail to him places sensitive information, such as addresses, photos, and legal mail, into the hands of "serious convicted offenders," and endangers him, his friends, and his family (Doc. No. 14, page 1).

DelValle seeks monetary compensation and an order requiring the BOP to comply with its policies regarding mail handling. DelValle does not claim in either the complaint or amended complaint that mail was not delivered to him; that his right of access to the courts has been affected; that his mail was censored or tampered with; that its delivery was inordinately delayed; or that he has suffered any injury.

---

[1]Although DelValle's original complaint references 42 U.S.C. § 1983, it is against a federal officer, and is, as he notes (Doc. Nos. 12 &13), properly characterized as being brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  However, the actions are almost identical, and the body of  § 1983 law applies to *Bivens* actions.  *Solomon v. Petray*, 795 F.3d 777, 789 n. 7 (8th Cir. 2015).

## II. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).  For the reasons stated below, the Court recommends that the complaint and amended complaint be dismissed for failure to state a cognizable claim.

## III. Analysis

DelValle points to FCI's alleged violation of the BOP's mail handling policies in claiming a constitutional violation.  DelValle states, and the Court accepts as true, that BOP policy prohibits inmates from distributing mail, and requires mail to be delivered to the inmate only after proper identification is shown to the delivering officer.  The Court also accepts as true that FCI violated the BOP's policies by having an inmate deliver mail to DelValle on occasions when he was not present

for mail call.  A violation of prison policies, however, does not give rise to a constitutional violation.  *See Phillips v. Norris,* 320 F.3d 844 (8th Cir. 2003)(no federal constitutional liberty interest in having prison officials follow prison regulations); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Certainly, there are instances involving distribution of mail that may implicate constitutional rights.  For example, interference with "legal mail" implicates an inmate's right of access to the courts and free speech guaranteed by the 1st and 14th Amendments.  *See Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009); *Jensen v. Klecker*, 648 F.2d 1179 (8th Cir. 1981).  Prison officials may not delay mail delivery for an inordinate amount of time.  Censorship of mail may also violate an inmate's 1st Amendment rights under some circumstances.  *Id.* Those rights, however, do not appear to be implicated in this instance.  DelValle does not claim that BOP officials interfered with his legal mail, thus denying him access to the courts.  He does not claim that his mail was delayed or that it was censored or tampered with in any way.  Finally, while DelValle asserts that the actions alleged created a risk that his personal and private information could be exploited, he does not claim any harm resulting from an inmate distributing his mail on occasion.  A possibility of injury is not sufficient to establish harm.  *See Sandoval v. Fox*, 135 Fed.Appx. 691 (5th Cir. 2005)(allegations fail to establish plaintiff inmate deprived of mail or suffered actual harm resulting from other inmates' possessing his mail).

Accordingly, Delvalle's complaint should be dismissed for failure to state a claim upon which relief may be granted.  In light of this recommendation, all pending motions should be denied as moot.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff Kalib J. Delvalle's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4.      All pending motions be DENIED AS MOOT.

DATED this 6th day of September, 2016.


_____
UNITED STATES MAGISTRATE JUDGE